UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 18-CR-339 |
| | § | |
| CLINT CARR, | § | |
| HASSAN BARNES, | § | |
| FRASIEL HUGHEY | § | |
| | § | |

Defendants.

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, hereby files the following proposed jury instructions.  The proposed jury instructions are taken from the Fifth Circuit's Pattern Jury Instructions unless otherwise noted.

Respectfully submitted,
JENNIFER B. LOWERY
United States Attorney

By: */s/ Devon Helfmeyer*
Devon Helfmeyer
Courtney Chester
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1000 Louisiana Ste. 2300
Houston, Texas 77002
(713) 567-9513
Devon.Helfmeyer@usdoj.gov

## JURY CHARGE

**INTRODUCTION TO FINAL INSTRUCTIONS (1.03)**

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case.  And finally, I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS (1.04)

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,
## REASONABLE DOUBT (1.05)

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatsoever may be drawn from the election of a defendant not to testify.]

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

4

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE (1.06)

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

5

### EVIDENCE—INFERENCES: DIRECT AND CIRCUMSTANTIAL (1.08)

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## CREDIBILITY OF WITNESSES (1.09)

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed, and his credibility evaluated in the same as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES (1.11)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTION (1.13)

You have been told that the witness, _____, was convicted in _____ of _____. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

**ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT(1.16)**

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for a non-binding recommendation for a favorable sentence.  Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## EXPERT OPINION TESTIMONY (1.18)

During the trial you heard the testimony of Kathy Salinas, who expressed opinions regarding the practice of pharmacy in Texas and recognizing fraudulent prescriptions. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**ON OR ABOUT (1.19)**

You will note that the indictment charges that the offenses were committed on or about a specified date.  The government does not have to prove that the alleged crime was committed on an exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the alleged crime on a date reasonably near the dates stated in each of the individual counts in the Indictment.

**VENUE – CONSPIRACY (1.20)**

The events presented at trial happened in various places.  There is no requirement that the entire conspiracy take place in the Southern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Southern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Harris County is located in the Southern District of Texas.

### CAUTION—CONSIDER ONLY CRIME CHARGED (1.21)

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION—PUNISHMENT (1.22)

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

**MULTIPLE DEFENDANTS – MULTIPLE COUNTS (1.25)**

A separate crime is charged against one or more of the defendants in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.  You must give separate consideration to the evidence as to each defendant.

**CONFESSION – STATEMENT VOLUNTARINESS (MULTIPLE DEFENDANTS) (1.29)**

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his [her] treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**SIMILAR ACTS (1.32)**

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

**or**

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

**or**

Whether the defendant acted according to a plan or in preparation for commission of a crime;

**or**

Whether the defendant committed the acts for which he [she] is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

18

## CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF TAPE-RECORDED CONVERSATION (1.48)

Government's Exhibit 804 has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Government's Exhibit 804. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE (1.50)

Certain charts, transcripts, and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case.  These charts and summaries are not admitted evidence or proof of any facts.  You should determine the facts from the evidence that is admitted.

### SUMMARIES AND CHARTS RECEIVED IN EVIDENCE (1.51)

Certain charts and summaries have been received into evidence.  They should be considered like any other evidence in the case.  You should give them only such weight as you think they deserve.

## "KNOWINGLY"—TO ACT (1.41)

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## DELIBERATE IGNORANCE (1.42)

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

**CONTROLLED SUBSTANCES—CONSPIRACY (21 U.S.C. § 846) (2.97) – COUNT 1[1]**

Title 21, United States Code, Section 846 makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.  In this case, the defendant is charged with conspiring to commit a violation of Title 21, United States Code, Section 841(a)(1), which makes it a crime for any person to knowingly or intentionally distribute or dispense a controlled substance not for a legitimate medical purpose or not in the course of professional practice.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That two or more persons, directly or indirectly, reached an agreement to unlawfully distribute or dispense a controlled substance not for a legitimate medical purpose or not in the usual course of professional practice; |
| *Second*: | That the defendant knew of the unlawful purpose of the agreement; and |
| *Third*: | That the defendant joined in the agreement willfully; that is with the intent to further its unlawful purpose. |

Oxycodone, as a matter of law, is a controlled substance.

Hydrocodone, as a matter of law, is a controlled substance.

A controlled substance is "distributed" if it is delivered or transferred.

"Dispensing" a controlled substance includes writing a prescription and/or delivering a controlled substance pursuant to a prescription, including the packaging or labeling necessary to prepare the controlled substance for delivery.

One may become a member of a conspiracy without knowing all the details of the unlawful

---

[1] Adapted from Fifth Circuit Pattern Jury Instructions, Criminal, Instruction 2.97 (2019 Edition); 21 U.S.C. § 802; Jury Instructions, *United States v. Waleed Khan, M.D.*, No. 4:17-CR-00388, Dkt. No. 223 (S.D. Tex. September 4, 2019) (Bennett, J.).

scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## CORRESPONDING RESPONSIBILITY OF PHARMACISTS[2]

To be effective, a prescription for a controlled substance must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.  The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.  An order purporting to be a prescription issued not in the usual course of professional practice is not a prescription within the meaning and intent of the law, and the person knowingly filling such a purported prescription is in violation of the provisions of law relating to controlled substances.

A pharmacist does not have a "corresponding responsibility" to practice medicine.  What is required of him is the responsibility not to fill an order that purports to be a prescription but is not a prescription within the meaning of the statute because he knows that it was not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice.

---

[2] Adapted from Jury Instructions provided in *United States v. Otukayode Otufale, et al.*, No. 4:04-CR-00442, Dkt. No. 338 at 21 (S.D. Tex. May 17, 2005) (Hittner, J.), upheld on appeal in *United States v. Brown*, 553 F.3d 768, 798 (5th Cir. 2008) (noting that "[t]he 'corresponding responsibility' of pharmacists derives from 21 C.F.R. § 1306.04" and that "the district court's instruction largely mirrors this regulation," and holding that "[g]iving this instruction was not error").

### CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT (2.17)

A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have found the defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy another conspirator committed the offenses in Counts Two, Three, Four, or Five below both in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Two, Three, Four, or Five, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts Two, Three, Four, or Five.

## UNLAWFULLY DISTRIBUTING OR DISPENSING CONTROLLED SUBSTANCES (21 U.S.C. § 841(a)(1)) – COUNTS 2, 3, 4, AND 5[3]

Title 21, United States Code, Section 841(a)(1) makes it a crime for any person to knowingly or intentionally distribute or dispense a controlled substance not for a legitimate medical purpose or not in the usual course of professional practice.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:            That the defendant distributed or dispensed a controlled substance;

Second:        That the defendant did so knowingly or intentionally; and

Third:          That the defendant did so other than for a legitimate medical purpose
                    or in the usual course of professional practice.

Oxycodone, as a matter of law, is a controlled substance.

Hydrocodone, as a matter of law, is a controlled substance.

A controlled substance is "distributed" if it is delivered or transferred.

"Dispensing" a controlled substance includes writing a prescription and/or delivering a controlled substance pursuant to a prescription, including the packaging or labeling necessary to prepare the controlled substance for delivery.

---

[3] Adapted from Fifth Circuit Pattern Jury Instructions, Criminal, Instruction 2.95 (2019 Edition); 21 U.S.C. § 802; Jury Instructions, *United States v. Waleed Khan, M.D.*, No. 4:17-CR-00388, Dkt. No. 223 (S.D. Tex. September 4, 2019) (Bennett, J.).

**AIDING AND ABETTING (18 U.S.C. § 2) – COUNTS 2, 3, 4, AND 5 (2.04)**

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in the instructions above was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First*:        That the offense of unlawfully distributing or dispensing a controlled substance was committed by some person;

*Second*:        That the defendant associated with the criminal venture;

*Third*:        That the defendant purposefully participated in the criminal venture; and

*Fourth*:        That the defendant sought by action to make that venture successful.

29

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## CONSPIRACY TO COMMIT MONEY LAUNDERING
### 18 U.S.C. § 1956(h) – Count 6 (2.76)

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering. In this case, the defendant, Clint Carr, is charged with conspiring to commit a violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) or 1956(a)(1)(B)(ii).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant and at least one other person made an agreement to commit the crime of money laundering; |
| Second: | That the defendant knew the unlawful purpose of the agreement; and |
| Third: | That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. |

In order to determine whether defendant, Clint Carr, and others knowingly and intentionally conspired together to launder monetary instruments, as charged in the Indictment, you must consider the essential elements of that crime, that is, the crime that is alleged to be the object of the conspiracy. The government does not have to prove beyond a reasonable doubt that the defendant actually committed the crime that is alleged to be the object of the conspiracy. I am instructing you on the essential elements of the object crime only for the purpose of assisting you in determining whether the government has proved beyond a reasonable doubt each of the essential elements of conspiracy to commit that crime.

| | |
|---|---|
| First: | That the defendant knowingly conducted a financial transaction; |
| Second: | That the financial transaction involved the proceeds of a specified unlawful activity, namely Conspiracy to Distribute Controlled Substances; |
| Third: | That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and |
| Fourth: | That the defendant intended to promote the carrying on of the |

31

specified unlawful activity or that the defendant knew that the transaction was designed in whole or in part to avoid a transaction reporting requirement under Federal law.

With respect to the second element, the government must show that, in fact, the property was the proceeds of Conspiracy to Distribute Controlled Substances, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that Conspiracy to Distribute Controlled Substances is a felony.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition; with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument; or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal. You are instructed that a financial transaction involving the use of Wells Fargo Bank, N.A., JP Morgan Chase Bank, N.A., or Bank of America, N.A. is a financial transaction that affects interstate commerce.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM
SPECIFIED UNLAWFUL ACTIVITY (2.77)
18 U.S.C. § 1957 – COUNTS 7&8**

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant, Clint Carr, guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:          that the defendant knowingly engaged in a monetary transaction;

Second:     that the monetary transaction was of a value greater than $10,000;

Third:        that the monetary transaction involved criminally derived property;

Fourth:      that criminally derived property was derived from specified unlawful activity;

Fifth:         that the defendant knew that the monetary transaction involved criminally derived property; and

Sixth:        that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

34

### AIDING AND ABETTING 18 U.S.C. § 2 – Counts 7&8 (2.04)

The guilt of a defendant in a criminal case may be established without proof that the defendant, Clint Carr, personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| First: | That the offense of money laundering was committed by some person; |
| Second: | That the defendant associated with the criminal venture; |
| Third: | That the defendant purposefully participated in the criminal venture; and |
| Fourth: | That the defendant sought by action to make that venture successful. |

35

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## VERDICT FORM WITH SPECIAL INTERROGATORIES
## WITH RESPECT TO SUBSTANCE IDENTITY[4]

If you find the defendant guilty of any of the offenses charged, you must answer some questions, called jury interrogatories, to decide whether the offense involved certain controlled substances.  Do not answer these jury interrogatories until after you have reached your verdict.  If you find that the government has not proven the defendant guilty of a count, then you do not need to answer the interrogatory for that count.

If you find the defendant guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a certain controlled substance, you must all be satisfied that the government proved the identity beyond a reasonable doubt.

---

[4] Adapted from Third Circuit Pattern Jury Instructions, Criminal Instruction 6.21.841C (2015 Edition); Jury Instructions, *United States v. Waleed Khan, M.D.*, No. 4:17-CR-00388, Dkt. No. 223 (S.D. Tex. September 4, 2019) (Bennett, J.).

## DUTY TO DELIBERATE (1.26)

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the spaces provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

You may now retire to the jury room to begin your deliberations

Signed at Houston, Texas, on February __, 2022.

_____

The Honorable Sim Lake
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 18-CR-339 |
| | § | |
| CLINT CARR | § | |
| FRASIEL HUGHEY | § | |
| HASSAN BARNES | § | |
| | § | |
| Defendants. | § | |

## <u>VERDICT OF THE JURY</u>

We the Jury unanimously find:

The defendant **CLINT CARR**

### Count 1: Controlled Substances—Conspiracy
### (21 U.S.C. § 846)

_____Guilty                _____ Not Guilty

If you find Clint Carr "Not Guilty," please proceed to Count 2 and do not answer Jury Interrogatory 1.   If you find Clint Carr "Guilty," please answer Jury Interrogatory 1 and then proceed to Count 2.

Jury Interrogatory 1: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
_____ Hydrocodone

40

**Count 2: Unlawfully Distributing or Dispensing Oxycodone to Lisa Jones aka "Rita Miller"
on or about August 15, 2017
(21 U.S.C. § 841& 18 U.S.C. § 2)**

_____Guilty                    _____Not Guilty

If you find Clint Carr "Not Guilty," please proceed to Count 3 and do not answer Jury Interrogatory 2.  If you find Clint Carr "Guilty," please answer Jury Interrogatory 2 and then proceed to Count 3.

**Count 3: Unlawfully Distributing or Dispensing Oxycodone to Lisa Jones aka Rita Miller
on or about August 17, 2017
(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____Guilty                    _____Not Guilty

If you find Clint Carr "Not Guilty," please proceed to Count 4 and do not answer Jury Interrogatory 3.  If you find Clint Carr "Guilty," please answer Jury Interrogatory 3 and then proceed to Count 4.

**Count 4: Unlawfully Distributing or Dispensing Controlled Substances to Darius Tyler aka
Derek Wilson on or about July 26, 2017
(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____ Guilty                    _____ Not Guilty

If you find Clint Carr "Not Guilty," do not answer Jury Interrogatory 4.  If you find Clint Carr "Guilty," please answer Jury Interrogatory 4 and then proceed to Count 5.

Jury Interrogatory 4: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
_____ Hydrocodone

41

**Count 5: Unlawfully Distributing or Dispensing Controlled Substances to Darius Tyler aka Derek Wilson on or about August 2, 2017**
**(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____ Guilty                   _____ Not Guilty

If you find Clint Carr "Not Guilty," do not answer Jury Interrogatory 5.  If you find Clint Carr "Guilty," please answer Jury Interrogatory 5 and then proceed to Count 5.

Jury Interrogatory 5: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
_____ Hydrocodone


**Count 6: Money Laundering—Conspiracy**
**(18 U.S.C. § 1956(h))**

_____ Guilty                   _____ Not Guilty


**Count 7: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity on or about February 24, 2017 (Down Payment to Russell & Smith Ford)**
**(18 U.S.C. § 1957 & 18 U.S.C. § 2)**

_____ Guilty                   _____ Not Guilty


**Count 8: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity on or about March 17, 2017 (Down Payment to Sterling McCall Ford)**
**(18 U.S.C. § 1957 & 18 U.S.C. § 2)**

_____ Guilty                   _____ Not Guilty

The defendant **FRASIEL HUGHEY**

**Count 1: Controlled Substances—Conspiracy**
**(21 U.S.C. § 846)**

_____ Guilty               _____ Not Guilty

If you find Frasiel Hughey "Not Guilty," please proceed to Count 2 and do not answer Jury Interrogatory 1.  If you find Frasiel Hughey "Guilty," please answer Jury Interrogatory 1 and then proceed to Count 2.

Jury Interrogatory 1: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
_____ Hydrocodone

**Count 2: Unlawfully Distributing or Dispensing Oxycodone to Lisa Jones aka "Rita Miller"**
**on or about August 15, 2017**
**(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____ Guilty               _____ Not Guilty

If you find Frasiel Hughey "Not Guilty," please proceed to Count 3 and do not answer Jury Interrogatory 2.  If you find Frasiel Hughey "Guilty," please answer Jury Interrogatory 2 and then proceed to Count 3.

**Count 3: Unlawfully Distributing or Dispensing Oxycodone to Lisa Jones aka "Rita Miller"**
**on or about August 17, 2017**
**(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____ Guilty               _____ Not Guilty

If you find Frasiel Hughey "Not Guilty," please proceed to Count 4 and do not answer Jury Interrogatory 3.  If you find Frasiel Hughey "Guilty," please answer Jury Interrogatory 3 and then proceed to counts related to Hassan Barnes.

The defendant **HASSAN BARNES**

**Count 1: Controlled Substances—Conspiracy**
**(21 U.S.C. § 846)**

_____ Guilty                    _____ Not Guilty

If you find Hassan Barnes "Not Guilty," please proceed to Count 2 and do not answer Jury Interrogatory 1.  If you find Hassan Barnes "Guilty," please answer Jury Interrogatory 1 and then proceed to Count 2.

Jury Interrogatory 1: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
_____ Hydrocodone

**Count 2: Unlawfully Distributing or Dispensing Oxycodone to Lisa Jones aka "Rita Miller"**
**on or about August 15, 2017**
**(21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2)**

_____ Guilty                    _____ Not Guilty

If you find Hassan Barnes "Not Guilty," please proceed to Count 3 and do not answer Jury Interrogatory 2.  If you find Hassan Barnes "Guilty," please answer Jury Interrogatory 2 and then proceed to Count 3.

**Count 3: Unlawfully Distributing or Dispensing Oxycodone to Lisa Jones aka "Rita Miller"**
**on or about August 17, 2017**
**(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____ Guilty                    _____ Not Guilty

If you find Hassan Barnes "Not Guilty," please proceed to Count 4 and do not answer Jury Interrogatory 3.  If you find Hassan Barnes "Guilty," please answer Jury Interrogatory 3 and then proceed to counts related to Hassan Barnes.

**Count 4: Unlawfully Distributing or Dispensing Controlled Substances to Darius Tyler aka Derek Wilson on or about July 26, 2017**
**(21 U.S.C. §841 & 18 U.S.C. § 2)**

_____Guilty                    _____Not Guilty

If you find Hassan Barnes "Not Guilty," do not answer Jury Interrogatory 4.  If you find Hassan Barnes "Guilty," please answer Jury Interrogatory 4 and then proceed to Count 5.

Jury Interrogatory 4: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
**_____** Hydrocodone

**Count 5: Unlawfully Distributing or Dispensing Controlled Substances to Darius Tyler aka Derek Wilson on or about August 2, 2017**
**(21 U.S.C. § 841 & 18 U.S.C. § 2)**

_____Guilty                    _____Not Guilty

If you find Hassan Barnes "Not Guilty," do not answer Jury Interrogatory 5.  If you find Hassan Barnes "Guilty," please answer Jury Interrogatory 5.

Jury Interrogatory 5: Do you unanimously find that the government proved beyond a reasonable doubt that the mixture or substance(s) contained the following? *(check all that apply)*

_____ Oxycodone
_____ Hydrocodone

Dated: _____       Signed: _____
                                                        Jury Foreperson