UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Criminal No. 18-CR-339 |
| | § | |
| | § | SIM LAKE |
| v. | § | District Judge |
| | § | |
| | § | Sheila Anderson    Lanie Smith |
| CLINT CARR, | § | Case Manager    Court Reporter |
| HASSAN BARNES, and | § | |
| FRAISEL HUGHEY, | § | Jury Trial |
| | § | Proceeding |
| | § | |
| Defendants. | § | |

**DEFENDANT CLINT CARR'S RESPONSE TO GOVERNMENT'S NOTICE
TO INTRODUCE RULE 404(b) EVIDENCE: MOTION IN LIMINE**

CLINT CARR, by and through his undersigned counsel, Michael Wynne, files this Response to the Government's notice to introduce the following evidence under the authority of Rule 404(b) of the Federal Rules of Evidence:

**I.**

**THE GOVERNMENT'S EVIDENCE**

A. Evidence of Statements to State and Federal Authorities

   1. Evidence from CC Pharmacy's Community Pharmacy Application submitted to the Texas State Board of Pharmacy (TSBP);

   2. Evidence from Internal Revenue Service (IRS) forms for CC Pharmacy 2 and CC Pharmacy 3; and

   3. Evidence from a DEA inspection of CC Pharmacy 3.

B. Evidence of Reports to the Texas Department of Public Safety and the TSBP, including

1. Evidence that Mr. Carr allegedly joined Defendants Curry's and Barnes' decision to inaccurately report CC Pharmacy's dispensing of controlled substances to the Texas Department of Public Safety (DPS) in DPS Pharmacy Dispensing History Reports; and

2. Evidence that Mr. Carr allegedly joined Defendants Curry's and Barnes' decision to inaccurately report CC Pharmacy's dispensing of controlled substances to the TSBP;

C. Evidence of the Operations of First Choice Pharmacy;

D. Evidence that Mr. Carr sanctioned false statements made by Defendant Curry to drug wholesalers;

E. Evidence of a TSPB warning and Mr. Carr's response allegedly made by Mr. Carr;

F. Evidence Related to Defendant Fraisel Hughey, including

1. Evidence of prescriptions, ID's, and pill bottles allegedly found at Defendant Fraisel Hughey's residence; and

2. Evidence that Defendant Hughey attempted to intimidate Lisa Jones to prevent her cooperation with law enforcement.

## II.

## LEGAL AUTHORITY LIMITING THE ADMISSION OF EXTRINSIC BAD ACT EVIDENCE UNDER RULE 404(b)

Rule 404(b) of the Federal Rules of Evidence provides that evidence "of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible for another purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

At the threshold, however, there must be evidence to support a finding that the crime or act actually occurred. *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015). The predicate question in assessing the admissibility of an uncharged extrinsic bad act is whether there is sufficient proof that the defendant committed a bad act. If the proof on this issue is insufficient, the evidence must be excluded as irrelevant. Proof of an uncharged offense or bad act is sufficient if the jury could reasonably find that the defendant committed a bad act by a preponderance of the evidence. *Smith*, 804 F.3d at 735 (citing *Huddleston v. United States*, 485 U.S. 681, 692 (1988)); *United States v. Elisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

If the proponent demonstrates that the defendant engaged in a bad act, extrinsic act evidence under Rule 404(b) is admissible only if it meets the following two tests: (1) it is relevant to an issue other than the defendant's character; and (2) it possesses probative value not substantially outweighed by its undue prejudice. *Smith*, 804 F.3d at 735 (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)). *See also United States v. Ricard*, 922 F.3d 639, 653-54 (5th Cir. 2019); *United States v. Crawley*, 533 F.3d 349, 353-355 (5th Cir. 2008).

The proffered evidence must be relevant for a purpose apart from showing propensity to commit a crime. "If the prior-bad-acts evidence is relevant only for the forbidden propensity inference, then the evidence is inadmissible under Rule 404(b)(1) and the inquiry ends." *United States v. Garcia-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021).

An uncharged bad act or crime is relevant to intent, a proper non-character issue under Rule 404(b), "if 'it requires the same intent to the charged offense,' because evidence of the uncharged offense 'then lessens the likelihood that the defendant committed the charged offense with innocent intent.'" *Smith*, at 736 (quoting *Beechum*, 582 F.2d at 913). If the government satisfies its burden under the first test, that the evidence is probative of intent, the Court must then

determine whether the probative value of the uncharged bad act substantially outweighs its undue prejudice. Resolution of this issue involves consideration of five factors: (1) the government's need for the extrinsic evidence; (2) the similarity between the extrinsic act and the charged offenses; (3) the amount of time separating the offenses; (4) the efficacy of the court's limiting instructions. *Smith*, at 736 (citing *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013)); and (5) whether the bad act is "of a heinous nature" that would "incite the jury to irrational decision by its force on human emotion." *Ricard*, 922 F.3d at 654.

Evidence of criminal activity other than the offense charged is intrinsic if it meets at least one of three tests. If the evidence is "(1) an uncharged offense which arose out of the same transaction or series of transactions of the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense," it is admissible under Rule 401. *Elisor*, 522 F.3d at 1269; *Crawley*, 533 F.3d at 354.

### III.

### APPLICATION OF LAW TO EVIDENCE: MOTION IN LIMINE

Application of the tests governing the admissibility of extrinsic bad act evidence under Rule 404(b) dictates the extrinsic bad act evidence the Government would offer must not be admitted.

1. **Material from CC Pharmacy's Community Pharmacy Application submitted to the Texas State Board of Pharmacy (TSBP); evidence from Internal Revenue Service (IRS) forms for CC Pharmacy 2 and CC Pharmacy 3; and evidence from the DEA inspection of CC Pharmacy 3**

This material relates to documentation leading to the formation and licensing of CC Pharmacy and Mr. Carr's reported administration of the pharmacy's operation. Admission of this material would be predicated upon the government's belief that Mr. Carr personally made false

statements to federal and state authorities or deliberately affirmed false and misleading statements in completing the forms and managing CC Pharmacy to the extent of his role. The government asserts that this evidence is relevant to Mr. Carr's knowledge, intent, plan, preparation or absence of accident or mistake or is inextricably intertwined with the charged offenses. That is incorrect.

Mr. Carr truthfully completed the applications and forms required by state and federal regulatory authorities. If there are errors in the forms, the errors arise from mistake or Mr. Carr's misunderstanding of the information requested. Similarly any errors in Mr. Carr's responses to the regulators are grounded on his limited knowledge of the information requested. But, even if relevant, the evidence raises nothing more than an inference that Mr. Carr's management of the business was negligent. Such an inference is unduly prejudicial in that it would impermissibly suggest to the jury that it could find that evidence of negligence supports a conviction for the charged offenses.

> **2. Material suggesting that Mr. Carr allegedly joined Defendants Curry's and Barnes' decision to inaccurately report CC Pharmacy's dispensing controlled substances to the Texas Department of Public Safety (DPS) in DPS Pharmacy Dispensing History Reports and to the TSBP**

This material ostensibly represents bad acts committed by Defendants Curry and Barnes. Even if this material is arguably relevant to the case against Defendant Barnes, its admission would cause unfair "spillover prejudice" to Mr. Carr. In effect the material suggests to the jury that it could convict Mr. Carr as a result of his business association with Mr. Curry and Mr. Curry's hand-picked pharmacist-in-charge Defendant Barnes. The prejudice against Mr. Carr would substantially outweigh any probative value and again suggest guilt based on negligence or recklessness in Mr. Carr's conduct of CC Pharmacy's business.

Evidence of bad acts committed by alleged co-conspirators without proof that Mr. Carr committed the bad acts necessarily spills over and unduly prejudices Mr. Carr. The Supreme Court

notes that "when many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Zafiro v. United States,* 506 U.S. 534, 538-39 (1993). Here, before any of this material can be considered, the government must specifically identify and offer sufficient proof that Mr. Carr personally committed the acts. As of now, it has not.

### 3. Material relating to the Operation of First Choice Pharmacy

Mr. Carr had absolutely no part in the operation of First Choice Pharmacy. Mr. Curry and Mr. Barnes, not Mr. Carr, were involved in First Choice. This material may be relevant in the government's case against Defendant Barnes. But this material wrongly implicates and prejudices Mr. Carr by virtue of his later association with Mr. Curry, and, indirectly, Mr. Barnes. The risk of spillover prejudice arising to Mr. Carr from this joint trial is unacceptable. Admission of this evidence raises the possibility of jury confusion and suggests that it could convict Mr. Carr on the basis of his association with Mr. Curry and/or Mr. Barnes.

### 4. Evidence that Mr. Carr joined and sanctioned false statements made by Defendant Curry to drug wholesalers

The Government predicates admission on its belief Mr. Carr personally and deliberately engaged in deception and made false statements to drug wholesalers. Rule 404(b) requires proof that Mr. Carr committed a bad act. If these false statements were made by Defendant Curry or at his suggestion, they are irrelevant on the issue of Mr. Carr's knowledge or intent. The jury may perceive the statements as evidence of negligence or recklessness on the part of Mr. Carr. The material must be excluded because its relevance to Mr. Carr's knowledge and intent is substantially exceeded by its tendency to confuse and prejudice the jury.

**5. Evidence from a TBSP inspection and a response allegedly made by Mr. Carr**

Admission of this evidence is predicated on the government's belief that Mr. Carr deliberately and falsely responded to a TSBP warning issued after an unannounced inspection of CC Pharmacy 2 in March 2017. Mr. Carr reasonably believed that any statements he made in response to the TBSP inspection were true to the best of his knowledge. Admission of such evidence invites the jury to speculate that Mr. Carr was negligent and reckless in his conduct of CC Pharmacy operations. It does not support a finding of criminal intent or knowledge of criminal conduct. Because the evidence does not raise an inference of criminal intent, its probative value is substantially outweighed by its prejudicial effect.

**6. Evidence of prescriptions, IDs, and pill bottles allegedly found in Defendant Fraisel Hughey's residence; and Evidence that Defendant Hughey attempted to intimidate Lisa Jones**

This evidence is irrelevant to any issue arising in the case against Mr. Carr. The government deems it relevant in its case against Defendant Hughey. The spillover effect of this evidence unduly prejudices Mr. Carr. The risk of spillover prejudice arising from this joint trial is heightened by the "heinous nature of the alleged conduct which will incite the jury to irrational decision by its force on human emotion." *Ricard*, 922 F.3d at 654.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Carr objects to the admission of the evidence set forth in the government's 404(b) notice in any respect in this trial.

Respectfully submitted,

GREGOR | WYNNE | ARNEY, PLLC

By: /s/ Michael J. Wynne
Michael J. Wynne

Attorney at Law
Texas State Bar No. 00785289
SDTX No. 00018569
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
mwynne@gwafirm.com

**COUNSEL FOR DEFENDANT CLINT CARR**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served upon counsel of record on this 14th day of January 2022.

By: */s/ Michael J. Wynne*
Michael J. Wynne

## CERTIFICATE OF CONFERENCE

I certify that I have communicated with lead counsel for the United States and that the United States is opposed to this motion.

By: */s/ Michael J. Wynne*
Michael J. Wynne