# EXHIBIT D

**From:** Helfmeyer, Devon (CRM) <Devon.Helfmeyer@usdoj.gov>
**Sent:** Thursday, February 20, 2020 10:50 PM
**To:** Michael Wynne <mwynne@gcfirm.com>
**Cc:** Carmen Roe <carmen@carmenroe.com>; James R. Alston (jalston@houstoncrimedefense.com) <jalston@houstoncrimedefense.com>; judgefinn@davidfinn.com; Heather Martinez <hmartinez@gcfirm.com>; Alex Work <alexwork@chiplewislaw.com>; Ahmed, Ridwan (CRM) <Ridwan.Ahmed@usdoj.gov>; Tamayo, Andrew (CRM) <Andrew.Tamayo@usdoj.gov>; willassoc@aol.com; Mortezavi, Saba (CRM) <Saba.Mortezavi@usdoj.gov>
**Subject:** RE: U.S. v. Dustin Curry, Clint Carr, et al..

Good evening all,
I'm writing to give you an update on the status of digital evidence that was seized from CC Pharmacy (2656 South Loop West, Ste 395) pursuant to a federal search warrant, and its production in discovery. I am also proposing a solution to expedite production of all of the digital evidence.

As reflected in a DEA-6 report produced with the initial round of discovery (and attached to this email), DEA seized multiple electronic devices from CC Pharmacy. Those devices were imaged using digital forensic tools. The images were initially sent off-site for analysis by DEA. During DEA's review, the analysts found material that was potentially covered by the attorney-client or other privilege. The potentially privileged material was not given to the prosecution team, and analysts who discovered the potentially privileged material were walled off from the prosecution team. I had DEA send all of the images (copies of the devices) to DC for processing, both for production in discovery and for filter review for potentially privileged material.

My understanding is that the first part of that process—getting the data into a load-ready state for discovery production—is almost complete (I was told by early March). I would obviously like to produce the materials as soon as possible. And I have been told that the second part of the process—the filter-review for potentially privileged materials (by a completely separate team)—will take

several months at least.

The United States has an obligation to produce the digital evidence in a manner that meets our discovery obligations, including those pursuant to *Brady*.  As I said, I would like to produce all of the digital evidence to you immediately.  However, I do not know whether, and to what extent, the digital evidence contains potentially privileged material.  And beyond that, I don't know who may hold such a potential privilege.

I propose to produce the digital evidence in two waves.  There are some devices for which there is no need for privilege review.  I will produce that evidence as soon as it is ready.  To safeguard any privileged material or work product, the privilege review team assigned to this case can produce to all defense counsel the electronic evidence contained on devices that are undergoing privilege review. The United States would agree that this production to defense counsel of digital evidence would not operate as a waiver of any privilege or protection that could or may be asserted by any defendant in this case.  All counsel would have a duty to notify the appropriate defense counsel if they come across privileged material and to return or destroy any privileged or protected material at the request of counsel.  And that evidence (produced to you by the privilege review team) would not be provided to me or other members of the case team until it was cleared by the privilege review team.

I am happy to discuss this proposal, the evidence, or anything else, with any of you.  Please let me know, either if you agree to my proposal or if you have an objection to it.

Sincerely,

**Devon Helfmeyer**
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
202-262-6576