# EXHIBIT N

2006 WL 8438192
Only the Westlaw citation is currently available.
United States District Court,
S.D. Texas, Laredo Division.

UNITED STATES of America, Plaintiff,
v.
Carlos DE LA FUENTE, Defendant.

Criminal
Action No. L-05-065
|
Signed 07/20/2006

**Attorneys and Law Firms**

Christopher Andrew dos Santos, Mary Lou Castillo, US Attorney's Office, Laredo, TX, Appellate Division, Financial Litigation, James L. Turner, U.S. Attorney's Office Southern District of Texas, Houston, TX, US Pretrial SVCS-LA, US Probation, for Plaintiff.

## ORDER DENYING MOTIONS FOR LEAVE

Micaela Alvarez, United States District Judge

 *1 Pending before the Court are Defendant Ismael Anzaldua, Jr.'s Motion for Leave to File his Motion to Suppress [Doc. No. 241] and Sandra Anzaldua's Motion for Leave to File her Motion to Suppress.[1] With the exception of the defendant identified in the style, the motions for leave are identical. Therefore, the Court will address both jointly. The Government has filed a response. [Doc. No. 256].

Defendants' deadline for filing any pretrial motions, including any motions to suppress was May 31, 2006. On May 31, Defendant Sandra Anzaldua filed a motion to suppress. Such motion contained many deficiencies, among them the lack of a proposed order as required by CrLR 12.2 of the Local Rules of the United States District Court for the Southern District of Texas. The motion was stricken by the Court by order dated June 7, 2006.

Defendants' motions for leave now pending before the Court were not filed until July 17, 2006, more than a month and a half after the deadline for filing pretrial motions. The motions for leave offer little by way of explanation for the failure to timely comply with the original deadline or for the failure to seek leave in a more timely manner. The motions also erroneously assert that on July 7, the Court granted additional time to file a motion to suppress.

At a hearing on July 7, counsel[2] for Defendants advised the Court that they had just learned that their motions to suppress were not on file with the Court. Counsel averred that the original proposed order was attached to Defendant Sandra Anzaldua's motion to suppress and that also filed at the same time was Defendant Ismael Anzaldua, Jr.'s motion to suppress but that apparently all of these were lost or misfiled by the clerk's office. Defendants' counsel further claimed that they had not received notice that Defendant Sandra Anzaldua's motion had been stricken. Defendants' counsel were instructed to file their motion for leave if they wished to file a motion to suppress outside the deadline. As previously noted, no motion was filed until July 17, 2006 and then only after a phone call from the Court's case manager regarding the upcoming, and previously scheduled, final pretrial hearing set for July 17, 2006.

At the hearing on July 17, Counsel's sole explanation for the failure to file the motion for leave in a more timely manner was their mistaken (and illogical) belief that they had already been granted leave.[3] Even despite this belief, no motion to suppress had been filed. Counsel's explanation for this was their again mistaken belief, that they could file the motion to suppress at any time up until August 4, 2006, the date tentatively scheduled for hearing the motions to suppress, should the Court grant leave.

 *2 The Government's response highlights the various deficiencies in both the manner and substance of the filings by Defendants' counsel. The Court finds the response to be well reasoned and believes that such deficiencies warrant denial of the motions for leave. In particular, counsel have presented no evidence on their claim that the original motion and accompanying order for each Defendant was timely filed but lost or misplaced by the clerk's office. For the foregoing reasons, the Court finds that Defendant's motions for leave should be denied.

However, even if the Court were to grant leave and consider the motions to suppress, such would be futile as the motions to suppress are also deficient in many respects. In particular, the motions fail to set forth the disputed issues of fact.

Fifth Circuit precedent and CrLR 12.2 of the Locals Rules of the United States District Court for the Southern District

Case 4:18-cr-00339 Document 224-14 Filed on 01/26/22 in TXSD Page 3 of 3

United States v. De La Fuente, Not Reported in Fed. Supp. (2006)

of Texas require that a motion set forth with specificity the material facts at issue. In particular, the Fifth Circuit has held that "[f]actual allegations set forth in the defendant's motion, including any accompanying affidavits, must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.' " *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972)(quoting from *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), cert. denied,389 U.S. 897 (1967) ). Furthermore, "[g]eneral or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice." *United States v. Harrelson* 705 F.2d 733, 737 (5th Cir. 1983). "Inherent in these flexible guidelines is a judicial recognition that 'the determination of whether a hearing is required [on a motion to suppress] is necessarily dependent upon the particular facts which attend a particular request, and the district court is properly left with a certain amount of discretion in this regard.' " *Id.* (Citation omitted). Therefore, "[e]videntiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id. (Citing United States v. Smith*, 546 F.2d 1275 (5th Cir.1977); *United States v. Poe*, 462 F.2d 195.

Defendants' motions asserts that Sandra Anzaldua was detained as a result of information developed by the FBI through the use of a wiretap rather than as the result of a canine alert as alleged by the Government. Defendants' motions further allege that "the federal officers lied regarding the reasons for stopping the vehicle. Finally, Defendants assert that the wiretaps were illegal.

The Court finds these allegations to be general, conclusionary assertions, which appear to be founded upon mere suspicion or conjecture. In the absence of sufficiently definite, specific, detailed, and nonconjectural factual allegation, sufficient to enable the Court to conclude that a substantial claim is presented, Defendants' motion to suppress would be denied. Thus granting leave to file such motion would be an exercise in futility.

Accordingly, Defendant Ismael Anzaldua, Jr.'s Motion for Leave to File his Motion to Suppress [Doc. No. 241] and Sandra Anzaldua's Motion for Leave to File her Motion to Suppress are hereby DENIED.

It is so ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2006 WL 8438192

---

## Footnotes

1   While this motion does not appear on the docket, the Court was provided with a copy of same in open court on July 17, 2006. The Court will treat the motion as having been filed on that date.
2   While Defendant Ismael Anzaldua, Jr. is represented by Lane W. Vaughn and Defendant Sandra Anzaldua is represented by Susan D. Romund, the Court will herein refer to both jointly as "counsel." The Court also notes that the motions for leave and motions to suppress were all signed by Mr. Vaughn.
3   Were this the case, there would be no need to file a motion for leave.

---