# EXHIBIT P

KeyCite Yellow Flag - Negative Treatment
Called into Doubt by U.S. v. Davis, 8th Cir.(Mo.), May 5, 1981

101 S.Ct. 665
Supreme Court of the United States

**UNITED STATES**, Petitioner,
v.
Hazel **MORRISON**.

No. 79–395.
|
Argued Dec. 10, 1980.
|
Decided Jan. 13, 1981.
|
Rehearing Denied Feb. 23, 1981.
|
See 450 U.S. 960, 101 S.Ct. 1420.

**Synopsis**
Defendant, who had been indicted on federal drug charges, moved to dismiss indictment with prejudice on ground that conduct of federal agents violated her **Sixth Amendment** right to counsel. The United States District Court for the Eastern District of Pennsylvania, Hannum J., denied motion and defendant, pursuant to prior agreement with the government, entered conditional plea of guilty to one count of the indictment. On appeal to the United States Court of Appeals, Third Circuit, 602 F.2d 529, James Hunter, III, Circuit Judge, the judgment of the District Court was reversed, and the United States' petition for certiorari was granted. The Supreme Court, Justice White, held that even assuming **Sixth Amendment** was violated by agents' action of meeting with defendant without her counsel's knowledge or permission and seeking her corroboration in a related investigation, dismissal of indictment was unjustified, absent showing of prejudice of any kind, either transitory or permanent, to ability of her counsel to provide adequate representation.

Reversed and remanded.

West Headnotes (3)

[1]  **Criminal Law**  Right of Defendant to Counsel

Cases involving **Sixth Amendment** deprivations are subject to general rule that remedies should be tailored to injury suffered from constitutional violation and should not unnecessarily infringe on competing interests. U.S.C.A.Const. Amend. 6.

458 Cases that cite this headnote

[2]  **Criminal Law**  Indictment or information in general

Absent demonstrable prejudice, or substantial threat thereof, from violation of **Sixth Amendment**, there is no basis for imposing remedy in criminal proceeding, which can go forward with full recognition of defendant's right to counsel and to fair trial, and dismissal of indictment is plainly inappropriate, even though violation may have been deliberate. U.S.C.A.Const. Amend. 6.

820 Cases that cite this headnote

[3]  **Criminal Law**  Indictment or information in general

Even assuming **Sixth Amendment** was violated by agents' action of meeting with defendant without her counsel's knowledge or permission and seeking her corroboration in a related investigation, dismissal of indictment was unjustified, absent showing of prejudice of any kind, either transitory or permanent, to ability of her counsel to provide adequate representation. U.S.C.A.Const. Amend. 6.

402 Cases that cite this headnote

**\*\*666** *Syllabus* [*]

**\*361** Federal agents, aware that respondent had been indicted on federal drug charges and had retained counsel, met with her without her counsel's knowledge or permission, seeking her cooperation in a related investigation. The agents disparaged respondent's counsel and indicated that she would gain various benefits if she cooperated and would face a stiff jail term if she did not, but she declined to cooperate and notified her attorney. The agents visited respondent again in the absence of counsel, but she did not agree to cooperate with them nor did she incriminate herself or supply any information pertinent to her case. Subsequently, respondent moved to dismiss the indictment with prejudice on the ground that the agents' conduct violated her Sixth Amendment right to counsel. The agents' egregious behavior was described as having "interfered" in some unspecified way with respondent's right to counsel, but it was not alleged that the claimed violation had prejudiced the quality or effectiveness of her legal representation or that the agents' conduct had any adverse impact on her legal position. The District Court denied the motion and respondent, pursuant to a prior agreement with the Government, entered a conditional plea of guilty to one count of the indictment. The Court of Appeals reversed, holding that respondent's Sixth Amendment right to counsel had been violated and that whether or not any tangible effect upon her representation had been demonstrated or alleged, the appropriate remedy was dismissal of the indictment with prejudice.

*Held:* Assuming, *arguendo*, that the Sixth Amendment was violated in the circumstances of this case, nevertheless the dismissal of the indictment was not appropriate, absent a showing of any adverse consequence to the representation respondent received or to the fairness of the proceedings leading to her conviction. Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. Absent demonstrable prejudice, or substantial threat thereof, from the violation of the Sixth Amendment, there is no basis for imposing a remedy in the criminal proceeding, which can go forward with full recognition of **\*362** the defendant's right to counsel and to a fair trial, and dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate. Pp. 667–669.

[602 F.2d 529,](#) reversed and remanded.

**Attorneys and Law Firms**

Peter Buscemi, Washington, D. C., for petitioner.

Salvatore J. Cucinotta, Philadelphia, Pa., for respondent.

**Opinion**

Justice WHITE delivered the opinion of the Court.

Hazel Morrison, respondent here, was indicted on two counts of distributing heroin in violation of [21 U.S.C. § 841(a)(1).](#) She retained private counsel to represent her in the impending criminal proceedings. Thereafter, two agents of the Drug Enforcement Agency, aware that she had been indicted and had retained counsel, sought to obtain her cooperation in a related investigation. They met and conversed with her without the knowledge or permission of her counsel. Furthermore, in the course of the conversation, the agents disparaged respondent's counsel, stating that respondent should think about the type of representation she could expect for the $200 retainer she had paid him and suggesting that she could be better represented by the public defender. In addition, the agents indicated that respondent would gain various benefits if she cooperated but would face a stiff jail term if she did not. Respondent declined to cooperate and immediately notified her attorney. **\*\*667** The agents visited respondent again in the absence of counsel, but at no time did respondent agree to cooperate with them, incriminate herself, or supply any information **\*363** pertinent to her case. Contrary to the agents' advice, respondent continued to rely upon the services of the attorney whom she had retained.

Respondent subsequently moved to dismiss the indictment with prejudice on the ground that the conduct of the agents had violated her Sixth Amendment right to counsel. The motion contained no allegation that the claimed violation had prejudiced the quality or effectiveness of respondent's legal representation; nor did it assert that the behavior of the agents had induced her to plead guilty, had resulted in the prosecution having a stronger case against her, or had any other adverse impact on her legal position. The motion was based solely upon the egregious behavior of the agents, which was described as having "interfered" in some unspecified way with respondent's right to counsel. This interference, unaccompanied by any allegation of adverse effect, was urged as a sufficient basis for the requested disposition.

The District Court denied the motion and respondent, pursuant to a prior agreement with the Government, entered a conditional plea of guilty to one count of the indictment.[1] On appeal to the Court of Appeals for the Third Circuit, the judgment of the District Court was reversed. The appellate court concluded that respondent's **Sixth Amendment** right to counsel had been violated and that whether or not any tangible effect upon respondent's representation had been demonstrated or alleged, the appropriate remedy was dismissal of the indictment with prejudice. 602 F.2d 529 (1979). We granted the United States' petition for certiorari to consider whether this extraordinary relief was appropriate in the absence of some adverse consequence to the representation respondent *364 received or to the fairness of the proceedings leading to her conviction. 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1135. We reverse.

The United States initially urges that absent some showing of prejudice, there could be no **Sixth Amendment** violation to be remedied. Because we agree with the United States, however, that the dismissal of the indictment was error in any event, we shall assume, without deciding, that the **Sixth Amendment** was violated in the circumstances of this case.

The **Sixth Amendment** provides that an accused shall enjoy the right "to have the Assistance of Counsel for his defense." This right, fundamental to our system of justice is meant to assure fairness in the adversary criminal process. *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963); *Glasser v. United States*, 315 U.S. 60, 69–70, 75–76, 62 S.Ct. 457, 464, 467, 86 L.Ed. 680 (1942); *Johnson v. Zerbst*, 304 U.S. 458, 462–463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938). Our cases have accordingly been responsive to proved claims that governmental conduct has rendered counsel's assistance to the defendant ineffective. *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Gilbert v. California*, 388 U.S. 263 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

[1] At the same time and without detracting from the fundamental importance of the right to counsel in criminal cases, we have implicitly recognized the necessity for preserving society's interest in the administration of criminal justice. Cases involving **668 **Sixth Amendment** deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. Our relevant cases reflect this approach. In *Gideon v. Wainwright, supra*, the defendant was totally denied the assistance of counsel at his criminal trial. In *Geders v. United States, supra, Herring v. New York, supra*, and *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), judicial action before or during trial prevented counsel from being fully effective. In *Black v. United States*, 385 *365 U.S. 26, 87 S.Ct. 190, 17 L.Ed.2d 26 (1966), and *O'Brien v. United States*, 386 U.S. 345, 87 S.Ct. 1158, 18 L.Ed.2d 94 (1967), law enforcement officers improperly overheard pretrial conversations between a defendant and his lawyer. None of these deprivations, however, resulted in the dismissal of the indictment. Rather, the conviction in each case was reversed and the Government was free to proceed with a new trial. Similarly, when before trial but after the institution of adversary proceedings, the prosecution has improperly obtained incriminating information from the defendant in the absence of his counsel, the remedy characteristically imposed is not to dismiss the indictment but to suppress the evidence or to order a new trial if the evidence has been wrongfully admitted and the defendant convicted. *Gilbert v. California, supra; United States v. Wade, supra; Massiah v. United States, supra.* In addition, certain violations of the right to counsel may be disregarded as harmless error. Compare *Moore v. Illinois, supra*, 434 U.S. at 232, 98 S.Ct. at 466, with *Chapman v. California*, 386 U.S. 18, 23, and n. 8, 87 S.Ct. 824, 827, and n. 8, 17 L.Ed. 2d 705 (1967).

[2] Our approach has thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial. The premise of our prior cases is that the constitutional infringement identified has had or threatens some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense. Absent such impact on the criminal proceeding, however, there is no basis for imposing a remedy in that

proceeding, which can go forward with full recognition of the defendant's right to counsel and to a fair trial.

More particularly, absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate.[2] This has been the result reached where a Fifth *366 Amendment violation has occurred,[3] and we have not suggested **669 that searches and seizures contrary to the Fourth Amendment warrant dismissal of the indictment. The remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression.

[3] Here, respondent has demonstrated no prejudice of any kind, either transitory or permanent, to the ability of her counsel to provide adequate representation in these criminal proceedings. There is no effect of a constitutional dimension which needs to be purged to make certain that respondent has been effectively represented and not unfairly convicted. The Sixth Amendment violation, if any, accordingly provides no justification for interfering with the criminal proceedings

against *367 respondent Morrison, much less the drastic relief granted by the Court of Appeals.[4]

In arriving at this conclusion, we do not condone the egregious behavior of the Government agents. Nor do we suggest that in cases such as this, a Sixth Amendment violation may not be remedied in other proceedings. We simply conclude that the solution provided by the Court of Appeals is inappropriate where the violation, which we assume has occurred, has had no adverse impact upon the criminal proceedings.

The judgment of the Court of Appeals is accordingly reversed, and the case is remanded for proceedings consistent with this opinion.

*So ordered*.

**All Citations**

449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564

---

**Footnotes**

| | |
|---|---|
| * | The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 287, 50 L.Ed. 499. |
| 1 | A second count was dismissed as required by the plea agreement. The plea was conditioned on respondent's right to appeal the District Court's denial of the motion to dismiss. The Third Circuit has approved this procedure. *United States v. Moskow,* 588 F.2d 882 (1978); *United States v. Zudick,* 523 F.2d 848 (1975). We express no view on the propriety of such conditional pleas. |
| 2 | There is no claim here that there was continuing prejudice which, because it could not be remedied by a new trial or suppression of evidence, called for more drastic treatment. Cf. *United States v. Marion,* 404 U.S. 307, 325–326, 92 S.Ct. 455, 465–66, 30 L.Ed.2d 468 (1971). Indeed, there being no claim of any discernible taint, even the traditional remedies were beside the point. The Court of Appeals seemed to reason that because there was no injury claimed and because other remedies would not be fruitful, dismissal of the indictment was appropriate. But as the dissent below indicated, it is odd to reserve the most drastic remedy for those situations where there has been no discernible injury or other impact.<br><br>The Court of Appeals also thought dismissal was appropriate to deter deliberate infringements of the right to counsel. But this proves too much, for it would warrant dismissal, not just in this case, but in any case where there has been a knowing violation. Furthermore, we note that the record before us does not reveal a pattern of recurring violations by investigative officers that might warrant the imposition of a more extreme remedy in order to deter further lawlessness. |
| 3 | This is clear from *United States v. Blue,* 384 U.S. 251, 255, 86 S.Ct. 1416, 1419, 16 L.Ed.2d 510 (1966): |

"Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial.... Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." (Footnote omitted.)

[4] The position we have adopted finds substantial support in the Courts of Appeals. *United States v. Jimenez*, 626 F.2d 39, 41–42 (CA7 1980); *United States v. Artuso*, 618 F.2d 192, 196–197 (CA2 1980); *United States v. Glover*, 596 F.2d 857, 861–864 (CA9 1979); *United States v. Crow Dog*, 532 F.2d 1182, 1196–1197 (CA8 1976); *United States v. Acosta*, 526 F.2d 670, 674 (CA5 1976); but see *United States v. McCord*, 166 U.S.App.D.C. 1, 15–18, 509 F.2d 334, 348–351 (1974) (en banc) (dicta). The Supreme Judicial Court of Massachusetts has adopted a contrary view. See *Commonwealth v. Manning*, 373 Mass. 438, 367 N.E.2d 635 (1977).

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.