UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff <br><br> v. <br><br> CLINT CARR, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Criminal No. 18-CR-339 <br><br> <u>SIM LAKE</u> <br> District Judge <br><br> <u>Sheila Anderson</u>     <u>Lanie Smith</u> <br> Case Manager      Court Reporter <br><br> <u>Jury Trial</u> <br> Proceeding |

**<u>DFENDANT CLINT CARR'S MOTION FOR RELEASE PENDING SENTENCING</u>**

On March 7, 2022, the jury returned a verdict of guilty on all counts of the Indictment, including at least on offense specified in 18 U.S.C. Section 3142 (f)(1)(C). The Defendant recognizes that, pursuant to 18 U.S.C. Section 3143(a)(2), the Court must order that the Defendant be detained pending imposition or execution of sentence unless –

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) that judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Sentencing is set for May 27, 2022.

Despite this requirement, there is a provision in 18 U.S.C. Section 3145(c) permitting the Court to allow the Defendant to remain on bond pending sentencing where it is clearly shown that

there are exceptional reasons why a person's detention would not be appropriate. 18 U.S.C. Section 3145(c); *United States v. Carr*, 947 F.2d 1239 (5th Cir. 1991).

There are such exceptional reasons in this case, as recited into the record under oath during the course of this trial. Those include among others the following:

1. Defendant has no criminal history and on the contrary these offenses appear to be inconsistent with Defendant's prior conduct and behavior;
2. Defendant has a supportive extended family that has been present during trial;
3. Defendant has two young children who must come to terms with what is about to happen to their family;
4. Defendant has a stable home environment and is a suitable candidate for home confinement and electronic monitoring;
5. Defendant has been in full compliance with pre-trial bond conditions for almost four years at this point;
6. Defendant's wife does not work outside the home at this time but does have a college degree and the opportunity to apply to be a teacher;
7. It is March, toward the end of the school year, and would therefore need at least some brief period of time to secure a teaching position; and
8. Defendant's father owns a construction company and otherwise has secure ties to the community;
9. Defendant has two young children, whose educational needs

Based on the testimony now in the record, Defendant understands the Court is familiar with the Defendant's family circumstances, including two young children in the home and significant arrangements that must be put in order before Defendant reports to serve what likely will be a substantial sentence.

Defendant's counsel has been in detailed negotiations with counsel for the Government since the verdict was returned. The parties have agreed in principle to the following, subject to the exact dollar value of the equity to be posed as security, to which the parties will defer to the Court:

1. Home confinement, the scope of which would be determined in consultation with U.S. Pretrial Service to ensure strict compliance;
2. Electronic monitoring;
3. that Defendant's parents co-sign the bond; and
4. that $250,000.00 be posted as bond, secured by both the unencumbered personal residence of Defendants' parents and their unencumbered lake house property in Montgomery County;

Defendant respectfully asks that the Court exercise its general equitable jurisdiction and its discretion -- as it may deem proper -- to give effect to this proposal so that Defendant can wrap up his obligations in a responsible and professional fashion.

Respectfully submitted,

Gregor | Wynne | Arney, PLLC

By: /s/ *Michael J. Wynne*
    Michael J. Wynne

    Attorney at Law
    Texas State Bar No. 00785289
    SDTX No. 00018569
    James L. Turner
    Texas State Bar No. 20316950
    909 Fannin Street, Suite 3800
    Houston, TX 77010
    Telephone: (281) 450-7403
    mwynne@gwafirm.com
    jturner@gwafirm.com

and

Hughes Arrell Kinchen LLP

By: /s/ *John B. Kinchen*
    John B. Kinchen
    Federal ID No. 00018184
    Texas State Bar No. 00791027
    jkinchen@hakllp.com
    1221 McKinney Street, Suite 3150
    Houston, Texas 77010
    Telephone: 713.403.2064
    Facsimile: 713.568.1747

**COUNSEL FOR DEFENDANT CLINT CARR**

## CERTIFICATE OF CONFERENCE

    I certify that I have conferred with counsel for the Government and that the Government is not opposed to this motion, subject to the amount of $250,000.00, to which it will defer to the Court.

By: /s/ *Michael J. Wynne*
    Michael J. Wynne

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served on March 8. 2022 on all parties of record via ECF.

By: <u>/s/ *Michael J. Wynne*</u><br>Michael J. Wynne